NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

SANDRA ANN HINES,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

Civil Action No. 18-13828 (BRM)

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

    Before this Court is Sandra Ann Hines's ("Hines") appeal from the final decision of the Acting Commissioner of Social Security ("Commissioner")[1] denying her application of Social Security Disability benefits ("SSD"), alleging disability beginning April 5, 2013. Having reviewed the administrative record and the submissions filed in connection with the appeal pursuant to Local Civil Rule 9.1, and having declined to hold oral argument pursuant to Federal Civil Rule 78(b), for the reasons set forth below and for good cause shown, the decision of the ALJ is **VACATED** and the matter is **REMANDED** for further proceedings.

---

[1] Upon the Appeals Council's Order denying Plaintiff's request for a review of the Administrative Law Judge's ("ALJ") decision, the ALJ's decision became the final decision of the Commissioner. (Tr. 1.)

## I. BACKGROUND

Hines filed an application for SSD on January 27, 2014, with an onset of disability of April 5, 2011. (Tr. 86, 167-70.) Her claim was denied initially (Tr. 100-04) and after reconsideration (Tr. 106-08.) Hines requested a hearing before an Administrative Law Judge ("ALJ") on June 11, 2014. (Tr. 109-10.) A hearing was held before ALJ Dennis O'Leary on May 26, 2016 at which Hines and impartial vocational expert Tanya M. Edghill testified. (Tr. 49-75.)

By decision dated June 23, 2016, ALJ O'Leary found Hines not disabled, finding that, despite severe impairments of rheumatoid arthritis, fibromyalgia, neuritis, plantar fasciitis, osteoarthritis, facet joint syndrome of the lower back, tarsal tunnel syndrome, herniated disc at L3-L4, L4-L5, and L5-S1, migraines, and anxiety, Hines retained the residual functional capacity ("RFC") to perform light work so long as: (1) she had the option to alternate sitting and/or standing at her election; (2) the work was limited to simple and repetitive tasks involving one to two-step processes to complete due to pain and side effects of medications; (3) the work did not require exposure to heights or operation of heavy machinery; and (4) the work was limited to frequent but not continual repetitive fine fingering manipulation. (Tr. 13-23.) Based on this RFC, the ALJ found, at step four, that Ms. Hines could not perform her past relevant work, but found, at step five, that she could perform other work as a ticket tagger, an inspector/packager, and an office cashier, and therefore was not disabled. (Tr. 23-25).

Hines requested review of the ALJ's decision by the Appeals Council on August 8, 2016. (Tr. 162-66.) The Appeals Council denied review on August 15, 2017 (Tr. 1-7), and Hines filed this appeal. The matter was fully briefed by August 27, 2018 (Pl.'s Br. (ECF No. 12); Def.'s Opp. (ECF No. 13)[2]) and reassigned to the undersigned on November 8, 2018.

---

[2] Plaintiff did not file a reply brief.

## II. STANDARD OF REVIEW

On a review of a final decision of the Commissioner of the Social Security Administration, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive on a reviewing court if supported by "substantial evidence in the record." 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). While the court must examine the record in its entirety for purposes of determining whether the Commissioner's findings are supported by substantial evidence, *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978), the standard is highly deferential. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). "Substantial evidence" is defined as "more than a mere scintilla," but less than a preponderance. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). "It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). However, a reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992), *cert. denied*, 507 U.S. 924 (1993). Accordingly, even if there is contrary evidence in the record that would justify the opposite conclusion, the Commissioner's decision will be upheld if it is supported by the evidence. *See Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986).

## III. THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

Disability insurance benefits may not be paid under the Social Security Act (the "Act") unless plaintiff first meets the statutory insured status requirements. *See* 42 U.S.C. § 423(a), (c). Plaintiff must demonstrate the "inability to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see Plummer*, 186 F.3d at 427. An individual is not disabled unless "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The last date that a person meets these requirements is commonly referred to as the date last insured ("DLI").[3]

The Act establishes a five-step sequential process for evaluation by the ALJ to determine whether an individual is disabled. 20 C.F.R. §§ 404.1520, 416.920; *see Plummer*, 186 F.3d at 428; *Pallo v. Comm'r of Soc. Sec.*, No. 15-7385, 2016 WL 7330576, at *11 (D.N.J. Dec. 16, 2016). First, the ALJ determines whether the claimant has shown that he or she is not currently engaged in "substantial gainful activity." *Id.* §§ 404.1520(b), 416.920(b); *see Bowen v. Yuckert*, 482 U.S. 137, 146-47 n.5 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he is not disabled and is automatically denied disability benefits. *See* 20 C.F.R. § 404.1520(b); *see also Bowen*, 482 U.S. at 140.

Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Bowen*, 482 U.S. at 146-47 n.5. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). These activities include physical functions such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." *Id.* A claimant who does not have a severe

---

[3] Hines concedes her DLI is December 31, 2013.

impairment is not disabled and is denied benefits. *Id.* at § 404.1520(c); *see Plummer*, 186 F.3d at 428.

Third, if the impairment is found to be severe, the ALJ determines whether the impairment meets or is medically equal to the impairments listed in 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that his or her impairments are equal in severity to, or meet those on the Impairment List, the claimant has satisfied his burden of proof and is automatically entitled to benefits. *See id.* at §§ 404.1520(d), 416.920(d); *see also Bowen*, 482 U.S. at 146-47 n.5. If the specific impairment is not listed, the ALJ will consider the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526(a). If there is more than one impairment, then the ALJ must consider whether the combination of impairments is equal to any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams*, 970 F.2d at 1186.

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, the ALJ moves on to step four, where the claimant must prove whether he retains the residual functional capacity ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f); *Bowen*, 482 U.S. at 141. This involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted).

The first sub-step requires the ALJ to make a determination as to the claimant's RFC, which "is the most [he] can still do despite [his] limitations," 20 C.F.R. § 416.945(a)(1), and is determined "based on all the relevant medical and other evidence in [his] case record," *id.*; 20 C.F.R. § 416.920(e). RFC is used at the fourth and fifth steps to determine if the claimant can do either his past relevant work (step four) or can adjust to other work (step five).[4] 20 C.F.R. § 416.920(e). If the claimant is determined to be able to perform previous work at step four, the claimant is not disabled. *Id.* The claimant bears the burden of demonstrating an inability to return to the past relevant work. *Plummer*, 186 F.3d at 428.

Finally, at step five, if it is determined the claimant is no longer able to perform his or her previous work, the burden of production shifts to the Commissioner to show the "claimant is able to perform work available in the national economy." *Bowen*, 482 U.S. at 146-47 n.5; *Plummer*, 186 F.3d at 428. This step requires the ALJ to consider the claimant's RFC, age, education, and past work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see also Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91–92 (3d Cir. 2007). The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether the claimant is capable of performing work and not disabled. *Id.*

## IV. DECISION

Hines challenges the ALJ's decision, arguing: (1) the ALJ failed to properly weigh the medical evidence and to properly determine Hines's RFC; (2) the ALJ failed to properly evaluate Hines's testimony; and (3) the ALJ relied on a flawed hypothetical question to the vocational expert and failed to reconcile conflicts in the testimony from the vocational expert with the

---

[4] RFC determination is considered by some courts to be its own step between steps three and four.

dictionary of occupational titles. Because the Court finds grounds to remand based on the first argument, it need not address the second or third.

Hines contends:

> The ALJ's vague conclusion that the opinions from the treating doctors are only "partially consistent" with the treatment records and Ms. Hines' activities of daily living (Tr. 21-23) frustrates effective judicial review. The ALJ failed to specify what portions of the opinions from the treating physicians he found to be consistent with the record as a whole or what portions were found inconsistent with the medical record or explain the purported inconsistencies. Nor did the ALJ identify what activities performed by Plaintiff conflict with the medical opinions. . . . The ALJ failed to "make clear" to a reviewing Court how the opinions from Drs. Allegra, Rhee, and Marza were inconsistent with the treatment record and Ms. Hines' activities.

(ECF No. 12 at 27.) For the reasons set forth below, the Court agrees.

It is well-settled—and acknowledged by the ALJ—that treating physicians are in a unique position to assess the claimant's limitations. 20 C.F.R. § 404.1527(c)(2). Nevertheless, while an ALJ must consider the opinions of treating physicians, "the opinion of a treating physician does not bind the ALJ." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Under 20 C.F.R. § 404.1527(c)(2), a treating source's opinion will be given controlling weight if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." When controlling weight is not warranted, several factors are used to determine the weight given to the medical opinion including: the length of the treatment relationship; the nature and extent of the treatment relationship; supportability by the medical evidence; and consistency with the record as a whole. 20 C.F.R. § 404.1527(c)(2)-(6). The ALJ's finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" *Buckley v. Astrue*, No. 09-CV-5058, 2010 WL 3035746 *9 (D.N.J. Aug. 3, 2010) (quoting *Cotter v. Harris*, 642 F.2d 700 (3d Cir. 1981)).

7

Regarding Hines's RFC, the ALJ found:

> [T]he claimant had the residual functional capacity to perform light work as defined in 20 CPR 404.1567(b) except that the claimant would require an option to alternate sitting and or standing at her election. Additionally, the claimant can perform simple and repetitive tasks involving one to two processes to completion due to pain and side effects of medications. Further, the claimant cannot perform work requiring exposures to heights or operation of heavy machinery, and she can perform frequent but no continual and repetitive fine, fingering manipulation.

(Tr. 16.)

Ultimately, however, the ALJ concluded the claimant's statements and the medical evidence were inconsistent. (*Id.* ("[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . . A review of the objective medical record and other evidence of record . . . is not generally consistent with the claimant's allegations of disability.")

The ALJ summarized treating records and opinion records from Drs. Allegra, Marza, and Rhee, giving each only partial weight. As to Dr. Allegra, Hines's treating rheumatologist, the ALJ stated:

> . . . Dr. Allegra's opinion is only partially consistent with his treatment notes wherein he indicated that the claimant reported experiencing improvement on her symptoms with medication (Exhibit 9F at 4, 6, 8, 14, 16, 18, 20, 22, 26, 29). Additionally, Dr. Allegra's opinion is only partially consistent with the claimant's reported activities of daily living and the diagnostic test of record for the period prior to the claimant's date last insured (Exhibit 4E: Hearing testimony).

(Tr. 22.) The ALJ's first reason for giving Dr. Allegra's opinion partial weight is because his notes, at times, indicated her symptoms improved with medication. The ALJ contends this is "only partially consistent" with his opinion but does not state with what part of the opinion it is "only"

8

partially consistent. Indeed, the ALJ's summary of Dr. Allegra's opinion does not discuss how Hines's reacted to medication.

Next, the ALJ stated Dr. Allegra's opinion was inconsistent with Hines's reported activities, citing generally to Hines's Function Report and testimony. Again, however, the ALJ does not indicate what specific portions are inconsistent. These vague citations to the record are insufficient to "provide a clear and satisfactory explication" of the weight given to Dr. Allegra's opinion in order to assist a reviewing court in "perform[ing] its statutory function of judicial review." *Cotter*, 642 F.2d at 704-05.

Similarly, with respect to treating doctor, Dr. Marza, the ALJ summarily stated:

> The undersigned accords partial weight to Dr. Marza's opinions. As the claimant's treating doctor, Dr. Marza was in a good position to assess the claimant's functional limitations. However, Dr. Marza's opinion is only partially consistent with the claimant's reported activities of daily living and the claimant's statements that her symptoms improved with medication (Exhibit 4E; 11F at 5; Hearing testimony).

(Tr. 22.) The ALJ again relies generally on the Function Report and Hines's testimony, with specification. This is insufficient. A review of Hines's testimony generally reveals that she was limited in her day-to-day functions, therefore, without indication from the ALJ regarding which portions of the record are inconsistent with Dr. Marza's opinion, the Court cannot properly review the ALJ decision to find it is supported by substantial evidence.

The ALJ also cites one page of Dr. Marza's treatments for the proposition that Hines improved while taking Cymbalta, but, like Dr. Allegra, the ALJ does not specify how these records are inconsistent with Dr. Marza's opinion. Therefore, the Court finds the ALJ failed to "give good reasons" for giving less-than controlling weight to Dr. Marza's opinion. 20 C.F.R. § 404.1527(c)(2).

Finally, as to Dr. Rhee, Hines's treating neurologist, the ALJ stated:

9

> The undersigned accords partial weight to Dr. Rhee's opinions. Although the record reveals that the claimant experiences functional limitations, the record as a whole, including the diagnostic tests of record for the period prior to the claimant's date last insured, does not support the degree of severity assessed by Dr. Rhee. Specifically, the claimant reported engaging in activities such as exercising, cleaning, cooking, going to the movies, shopping, laundering and playing guitar (Exhibit 4E at 6, 7). Additionally, Dr. Rhee's opinions are internally inconsistent.

(Tr. 23.) The ALJ's finding that Dr. Rhee's opinion is not supported by the "record as a whole" is not supported by substantial evidence. Relying only on two pages of the Function Report to reference "the record as a whole," the ALJ further fails to cite any portion of the record for its finding that Dr. Rhee's opinions are internally inconsistent. The reasons supporting the decision to give Dr. Rhee's opinion only partial weight is not sufficiently explained such that the Court can properly review the record for substantial evidence.

The ALJ "may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679-80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429). Supporting explanations are lacking here as the ALJ has failed to indicate what evidence it relied on for giving the treating doctors' opinions less-than controlling weight. Therefore, the matter is remanded for the ALJ and the ALJ's decision is vacated.

V. **CONCLUSION**

For the reasons set forth above, the decision of the ALJ is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this opinion.

**Date:** November 30, 2018     */s/ Brian R. Martinotti*
                                **HON. BRIAN R. MARTINOTTI**
                                **UNITED STATES DISTRICT JUDGE**